UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LISA HILL | CIVIL ACTION NO. 22-cv-1297 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DOLLAR MANIA STORE, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Lisa Hill ("Plaintiff"), who is self-represented, has filed a number of civil actions in this court. This civil rights complaint lists Dollar Mania Store in the caption as the defendant, but the body of the complaint lists as defendants Sam Yaseen (a Dollar Mania employee) and Bossier City police officers Richards and Hampson. For the reasons that follow, it is recommended that the complaint be dismissed as untimely and meritless.

**The Complaint**

Plaintiff filed this action on a preprinted form with a heading Complaint for Violation of Civil Rights. She added the word "Amended" and filled in the case number (which was noted to be filled in by the clerk of court) as 18-002538. There is no such civil or criminal case in this court with that assigned number. Accordingly, the filing was docketed as an original complaint and assigned a new case number.

Plaintiff alleges that on August 10, 2017 she went to a store with her ten-year-old daughter to purchase school uniform pants. Plaintiff alleges that she was looking at the "scratch offs on the glass like windows inside the dressing room" when she saw a male

employee's "eyeball looking thru a scratch off into the dressing room" at her child. Plaintiff alleges that she purchased the items and encountered Shreveport Police Officer Washington (not a defendant) as she left the store.

Plaintiff next alleges that on March 1, 2019 she went to a Bossier City Dollar Mania location with her daughter. A male employee allegedly "grabbed in his butt area and reached over the counter and sexually rubbed my minor child 11 year old at that time left hand and arm." Plaintiff states that she did not make a police report because she lacked insurance on her car and did not want it impounded.

Plaintiff alleges that on March 3, 2018 she returned to that store with a witness, took a picture of the male employee, and called the Bossier City police. The employee allegedly fled the scene before officers arrived. Officer Hampson reported to the scene. Plaintiff alleges that she told him what had happened, and he gave her a report number card. Plaintiff alleges that, as she left the store, an SUV followed her for a time, but Plaintiff turned and the SUV proceeded on.

Plaintiff alleges that on June 23, 2019 she called the Bossier City Police Department for assistance regarding a teenage male who threatened to "shoot the resident up." Officer Hampson allegedly responded but, in revenge for prior actions, "put falsely allegations on me and falsely imprisoned me June 23, 2019."

Plaintiff alleges that, shortly after she was released from jail, she called Detective Richard to ask about the investigation of the male employee. Richard allegedly told her that there was not probable cause for an arrest of the employee. Plaintiff contends that Dollar Mania probably bribed the police not to pursue the charges.

Plaintiff alleges that in June 2019 a girl stole her daughter's new bicycle and vandalized property, but the Bossier City Police Department did not perform an investigation. Plaintiff alleges that she attempted to press charges on the girl's mother for assaulting Plaintiff, but nothing happened. Plaintiff states that she called to check on the status of these matters but "the officers cussed me out over the phone and keep hanging up on me."

**Timeliness**

Plaintiff is proceeding in forma pauperis, so her complaint is subject to review under 28 U.S.C. § 1915. A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(i). Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015). "Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs." James v. Richardson, 344 Fed. Appx. 982, 983 (5th Cir. 2009). District courts may raise the defense of limitations sua sponte in an action under Section 1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present his position. Day v. McDonough, 126 S.Ct. 1675 (2006).

Plaintiff filed her complaint on a form for asserting civil rights claims, and she specifically invoked 42 U.S.C. § 1983. The limitations period for a Section 1983 claim asserted in Louisiana in one year. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). Plaintiff's complaint specifically alleges the date of each of the relevant events, and they

are all between August 2017 and June 2019. Plaintiff did not file this complaint until May 2022, which was more than one year after the last alleged wrong.

Plaintiff's Section 1983 claims are untimely on the face of the complaint so should be dismissed. This recommended dismissal affords Plaintiff fair notice and an opportunity to present her position because she will have an opportunity after this report and recommendation issues to file objections and attempt to explain why her complaint should not be dismissed as untimely. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

**Civil RICO**

Plaintiff makes some references to RICO and an alleged pattern of criminal activity. Civil RICO actions have a four-year statute of limitations, so some of the events alleged could be timely. The complaint does not, however, state a civil RICO claim on which relief may be granted.

To plead a RICO claim, a plaintiff must allege "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." Abraham v. Singh, 480 F.3d 351, 355 (5th Cir. 2007). To withstand review for failure to state a claim, a civil RICO plaintiff must allege facts sufficient to establish each of those essential elements, and the complaint must plead enough facts to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted

by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff has not alleged a plausible civil RICO claim. She has described a series of disagreements and dissatisfaction with police response, but she has not plausibly alleged a pattern of criminal activity in support of an enterprise. Her complaint does refer to an alleged pattern of criminal activity, and it then lists sexual exploitation of children, bribery, and murder for hire. But, beyond that list, the allegations in the complaint provide no factual support for the conclusions. The complaint fails to state a civil RICO claim on which relief may be granted.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed with prejudice because all claims asserted in it are untimely or fail to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of June, 2022.

Mark L. Hornsby
U.S. Magistrate Judge